IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 18-20231-JAD |
| THOMAS A. MUSKO, | Chapter 13 |
| Debtor, | Doc. No. |
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE CIM TRUST 2018-NR1 MORTGAGE-BACKED NOTES, SERIES 2018-NR1. | |
| Movant. | |
| THOMAS A. MUSKO, RONDA J. WINNECOUR, Chapter 13 Trustee, | |
| Respondents. | |

**SECURED CREDITOR'S MOTION FOR EXEMPTION FROM F.R.B.P. 3002.1(b)(1)**

COMES NOW, U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1 (hereinafter "Secured Creditor"), by and through its undersigned counsel, seeks exemption from the 21 day notice requirement of F.R.B.P. 3002.1(b)(1), and states as follows:

**FACTS**

1. On January 22, 2018, Thomas A. Musko (hereinafter "Debtor") filed a voluntary Chapter 13 bankruptcy petition.

2. Secured Creditor is the holder of a Home Equity Line of Credit ("HELOC") that is secured in Debtor's real property located at 3112 Universal Street, Pittsburgh, Pennsylvania 15204. A copy of the HELOC Note and Security Instrument are attached to Claim No. 8 filed in the instant bankruptcy case. The HELOC contains a variable interest rate that changes Debtor's post-petition payment amount on an <u>annual</u> basis.

3. The proposed Chapter 13 plan seeks to cure pre-petition arrears and requires post-petition payments through the Chapter 13 Trustee.

4. Secured Creditor currently sends monthly a periodic statement to the borrower as required under the Truth-in-Lending Act and related regulations promulgated by the Consumer Financial Protection Bureau.  This monthly statement provides the borrower notice of the post-petition payment amount.

5. The purpose of F.R.B.P. 3002.1 is to inform the Debtor and Trustee of the exact amount needed to cure any post-petition obligation. The notice requirement of F.R.B.P. 3002.1(b)(1) may be modified by Court order if the claim arises from a HELOC.

6. In this case, the HELOC contains a variable interest rate that change the Debtor's post-petition payment amount on a monthly basis therefore requiring Secured Creditor to file monthly notices of payment change under the rule. Compliance with the rule will generate dozens of payment change notices which will be burdensome on judicial economy, the Debtor, and the Trustee's administration of Secured Creditor's claim.

7. The Court should exempt Secured Creditor from the 21 day notice requirement of F.R.B.P. 3002.1(b) because compliance will be burdensome on judicial economy, the Debtor, and the Trustee's administration of Secured Creditor's claim due to the monthly changes in Debtor's post-petition payment amount.

8. Secured Creditor's exemption from the payment change notice requirements of F.R.B.P. 3002.1(b) will not prejudice the Debtor, promotes judicial economy and streamlines the Trustee's administration of Secured Creditor's claim.

WHEREFORE, Secured Creditor prays the Court will grant Secured Creditor an exemption from the 21 day notice requirement of F.R.B.P. 3002.1(b)(1), and award any other relief the Court deems just and proper.

Dated: May 7, 2020

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By:/s/ Keri P. Ebeck
Keri P. Ebeck, Esq.
PA I.D. # 91298
kebeck@bernsteinlaw.com
707 Grant Street
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
Phone (412) 456-8112
Fax: (412) 456-8135

*Counsel for U.S. Bank National Association, not in its individual capacity but solely as Trustee for the CIM TRUST 2018-NR1 Mortgage-Backed Notes, Series 2018-NR1*